UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMOND EHRMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1456 (ESH) |
| ) | |
| **UNITED STATES, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Raymond Ehrman has filed a "Complaint for Judicial Notice of Criminal Case 12-40040 and Civil No. 11-4170, Both Cases in United States District Court for South Dakota," against the "United States of America," the "United States (all 8 of them)," the "Department of the Treasury – Internal Revenue Service (with all its Altern Egoists)," the "United States District Court for South Dakota," the "United States House of Representatives," the "United States Senate," the "Supreme Court," and the "Library of Congress – Congressional Research Services." (Am. Compl. at 1-3). According to the complaint, plaintiff seeks relief under the "First Amendment Right to Petition for Redress of Grievances." (Am. Compl. at 3.) More specifically, plaintiff appears to be seeking some type of review in this Court of the two actions in South Dakota that he references in the title of his complaint. (Am. Compl. at 6 ("This MATTER is a petition and complaint for a redress of grievances before an unbiased Jury, because the United States District Court in Sioux Falls, South Dakota, fails to uphold a court of Justice and Law . . . .")

The criminal case plaintiff references charges him with conspiracy to defraud the United

States in connection with his two co-defendants' failure to pay income taxes. *See United States v. Jerome Adrian*, Crim No. 12-40040 (D.S.D.). The complaint plaintiff filed here seeks to halt that prosecution, claiming that it is based on an invalid search warrant, an illegal seizure of property, an invalid arrest warrant, a flawed indictment, and other similar claims. As for the civil case, which is an action to reduce to judgment federal income taxes assessments against the Kuyper Family Living Trust and Vision Unlimited, plaintiff is named as a defendant in that action in his "purported capacity" as a Trustee of Vision Unlimited. *See United States of America v. Duane L. Kuyper*, *et al.*, No. 4:11-cv-04170 (D.S.D.). The complaint plaintiff filed in this Court does not obviously include any claims that are related to this action.

      A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010) (citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983)). That is the case here. Essentially, plaintiff asks this Court to interfere in ongoing judicial proceedings in another district court. But the First Amendment right to petition for redress of grievances, the only legal authority cited by plaintiff, does not provide jurisdiction over such claims. The criminal case against plaintiff in South Dakota is ongoing, and that is the proper forum within which he can seek relief from prosecution based on the claims he identifies in his complaint. Similarly, any challenges plaintiff might wish to make to the ongoing civil matter should be raised in the district court with jurisdiction over the underlying matter. Although

mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972), *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the Court clearly lacks the power to grant the relief plaintiff seeks.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

                                                      /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

DATE: September 26, 2012